# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| LIAO KUN, | § § § § § § § § § § § § § § § § § § | |
| *Petitioner*, | | |
| v. | | No.  3:25-CV-00418-LS |
| ANGEL C. GARITE, ASSISTANT FIELD OFFICE DIRECTOR; MARY DE ANDA YBARRA, ICE FIELD OFFICE DIRECTOR; KRISTI NOEM, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; AND PAMELA BONDI, ATTORNEY GENERAL, | | |
| *Respondents*. | | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Liao Kun brings this petition for a writ of habeas corpus against Respondents under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE").[1] Because the Court determines that Petitioner's removal is still significantly likely in the reasonably foreseeable future, the Court will deny the petition.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."[2] The Supreme Court holds, however, that detention for up to six months to effect the deportation is presumptively reasonable.[3] "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the

---

[1] ECF No. 8.
[2] 8 U.S.C. § 1231(a)(1)(A).
[3] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[4]

Petitioner is subject to a final order of removal from April 10, 2025.[5] Petitioner was originally set to be deported during the six-month period permitted by *Zadvydas*, but Petitioner refused to board the airplane for removal to China.[6] Subsequently, Petitioner's removal was stayed while the Fifth Circuit addressed his petition for review.[7] The Fifth Circuit has since denied his petition.[8] Respondents state that Petitioner "is expected to be added to the next charter flight" to China.[9] Petitioner has not provided any evidence in his habeas petition to suggest that there is no significant likelihood of removal in the reasonably foreseeable future. Therefore, to the extent that Petitioner is challenging his confinement under *Zadvydas*,[10] his petition is denied.

Petitioner also raises issues regarding the conditions of his confinement.[11] An individual may file a habeas petition under 28 U.S.C. § 2241 to seek relief from "custody in violation of the Constitution or laws or treaties of the United States."[12] Petitioner's attacks on his conditions of confinement, rather than the custody itself, fall outside the ambit of a § 2241 petition.

Because Petitioner Liao Kun is not entitled to release, his petition is **DISMISSED WITHOUT PREJUDICE**. All pending motions are denied as moot. The Clerk shall close this case.

       **SO ORDERED**.

---

[4] *Id*.
[5] ECF No. 16-3 at 1.
[6] ECF No. 9 at 9; ECF No. 16 at 12.
[7] ECF No. 16 at 12.
[8] ECF No. 26-2 at 10.
[9] ECF No. 26 at 1.
[10] *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (stating that *pro se* filings must be construed liberally).
[11] ECF No. 9.
[12] 28 U.S.C. § 2241.

SIGNED and ENTERED on April 6, 2026.

_____

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**